ÆTNA LIFE INS. CO. *v.* McCREE.

(Division B. Nov. 25, 1935.)

[164 So. 223. No. 31935.]

Jacobson & Snow, of Meridian, for appellant.

**H. F. Case**, of Quitman, for appellee.

Argued orally by **H. F. Case**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellee was complainant in the court below and filed a bill in the chancery court of Clarke county alleging that he was duly appointed and qualified as the administrator of the estate of Thomas McCree, deceased; that the deceased, during his lifetime, took out, with the appellant, a policy of insurance providing for the payment of one thousand dollars upon his becoming totally and permanently disabled; that said policy was issued, as appellee believes, in December, 1929, and payments thereon were all paid until October, 1931. The bill further alleged that on or about the ——— day of March, 1931, the deceased became afflicted with active pulmonary tuberculosis of the bone; that from then until the death of the deceased, on June 8, 1932, he was totally and permanently disabled, and, under the terms of the policy, he was entitled to the benefits for disability thereunder, including a payment of one thousand dollars in cash; that the appellee and the deceased complied with all the requirements of the policy, and that the appellant wholly refused to pay said sum or to perform the policy in any manner. The bill alleged that on or about October —, 1931, the appellant refused to receive further premiums from the deceased and re-

fused to pay him the disability benefits under the policy; that on or about said date the appellant's agent Lee L. Young, while acting within the scope of his employment, entered the house of the deceased while he was weak and unable, physically and mentally, to protect his own interest, and requested to see the policy; that thereupon said agent of the appellant carried the policy away with him despite the protests of the deceased, and at a time when the appellee was not present, leaving with the deceased five dollars, which the deceased returned in the form of a post office money order, which money order appellant refused to accept and returned it to the deceased.

The appellant in its answer set up that the policy issued was issued to Thomas McCree together with a lot of other employees of a firm styled Ginsburg & Kaplan by whom said Thomas McCree was employed, and the policy provided that it should not continue in force after Thomas McCree abandoned the employment of Ginsburg & Kaplan, and that Thomas McCree had abandoned said employment, and that, under its terms, the policy had lapsed. It also denied the allegations in reference to its agent taking up the certificate of insurance, as alleged in the bill, but contended that Thomas McCree had in his application for insurance, misrepresented material facts which voided the policy; that, among the misrepresentations was that he had not had medical treatment within three years prior to the application, and that he was in good health.

Thomas McCree was furnished with a certificate showing that he was insured by the appellant company in the sum of one thousand dollars, and showing the rate of premiums, and quoting certain provisions of the policy. The policy, itself, was not delivered to the insured, but was placed with Ginsburg & Kaplan, and is what is called a "Master Policy." A copy of the application signed by Thomas McCree was not delivered to him with the certificate showing his insurance, but a copy was attached

to the "Master Policy" in the possession of Ginsburg & Kaplan.

It appeared from the proof of the appellees that, after Thomas McCree became totally disabled, and presumably about the time the agent of the appellant took the certificate from said Thomas McCree, the "Master Policy" had been returned to the appellant by Ginsburg & Kaplan, and that while the policy was in force, the said Thomas McCree had become unable to work and remained so until his death. It also appeared from the proof of the appellees that, while the father of Thomas McCree was away from home, the said Thomas McCree then being in his home confined to his bed, the agent of the appellant came to the home where Thomas McCree was living, and when no one was there except a sixteen year old boy left to wait upon said Thomas McCree, and said agent represented that there was an error in the application, and that they would get another application for Thomas McCree to sign; that said agent then took with him said certificate and left a five dollar bill on the bed where Thomas McCree was lying. When the appellee, the father of Thomas McCree, returned home and was informed as to what had taken place, he went to the sheriff and sought to have the agent arrested, but failed to accomplish that purpose, the agent having left the community. He then went to his attorneys for advice, and acting on their advice wrote to the insurance company at its New Orleans office, demanding the return of the certificate, and sending them a money order for the five dollars left with Thomas McCree.

The particular agent who visited the home of Thomas McCree had an office in Jackson, Mississippi, and this letter was forwarded to him, and he returned the money order to the appellee. Thereupon, suit was brought for the recovery of benefits under the policy.

The agent of the appellant who took up the certificate of insurance told a different story. He stated that at first Thomas McCree refused to deliver the certificate,

but when they explained to him that on account of misrepresentations in the application for insurance he would have no interest under it, that he agreed to accept a return of premiums paid, which amounted to four dollars and ninety cents; that Thomas McCree was not confined to his bed, but was up, and was sitting upon the front porch and discussed the matter with him. The appellant offered proof to show that there had been a misrepresentation of facts, and as to the condition of the health of Thomas McCree; and that he had been attended and treated by physicians within the period of three years prior to the application, and also that under the disability benefit clause of another policy he had collected, within said period, certain sums for different weeks.

The court refused to admit the evidence of the insurance company as to these misrepresentations because the copy of the application was not attached to the certificate delivered to Thomas McCree, holding that it was not sufficient for a copy of the application to be left with the "Master Policy" held by Ginsburg & Kaplan.

Section 5174, Code 1930, reads as follows: "All life insurance companies doing business in the state of Mississippi shall deliver to the insured with the policy, certificate or contract of insurance in any form a copy of the insured's application, and in default thereof said life insurance company shall not be permitted in any court of this state to deny that any of the statements in said application are true."

The chancellor held, and we think correctly, that it was the duty of the insurance company to deliver to the insured, Thomas McCree, with the certificate furnished him, a copy of his application for such insurance, to enable the insured to determine, at any time, by an inspection of his application whether there were any errors contained therein, through inadvertence or otherwise, and to correct them, or to disclose the true facts while he was carrying the insurance and before he became uninsurable. This section should be liberally construed

for the benefit of the insured, and we are of the opinion that the quoted section requires the delivery of a copy of the application to the insured, and not to some third person. Therefore, there was no error on the part of the court below in refusing to admit the evidence of the insurance company contradicting statements as to the application for insurance.

There was conflict in the evidence, and the chancellor was authorized to find the facts as he did find them. We think, too, that there was sufficient evidence to support the findings of fact. The chancellor rendered a judgment for one thousand dollars and interest from date of the disability of Thomas McCree, and we think he was correct in so doing.

There was something said in the answer about the right under the policy after the death of the mother of Thomas McCree, she being the main beneficiary and dying before he did. The main beneficiary having predeceased Thomas McCree, the right under the policy accrued to him or to his administrator. In fact, however, the main beneficiary would have had no interest in the recovery herein, as it was vested in Thomas McCree on his becoming disabled, and no other beneficiary being named at his death, his administrator is entitled to recover the sum due under the policy.

We find no error in the judgment of the court below, and it is affirmed.

Affirmed.